83  348
85  241

HOSEA B. PHILLIPS vs. DOREPHUS L. FIELDS.

Hancock.    Opinion April 8, 1891.

*Chattel Mortgage.    Attachment.    Account.    R. S., c. 81, §§ 44, 45.*

The mortgagee of chattels attached must deliver a true account of the amount due on his claim to the attaching officer, and not to the attaching creditor, before he can bring an action against such officer.

A written notice by a mortgagee stating, in substance, it is "impossible for me to know the amount of my mortgage claim, but if I am correct it is somewhere about twenty-three hundred dollars," is not a compliance with the statute.

FACTS AGREED.

On the 27th day of November, A. D., 1888, one Herbert F. Emery was owner of a certain building, being personal property on leased land at Bar Harbor, subject to a chattel mortgage running to and held by Hosea B. Phillips, the plaintiff in this suit. Said mortgage had been duly recorded prior to said date.

On said 27th of November, said building was attached as the property of said H. F. Emery, by the defendant Dorephus L. Fields, sheriff of Hancock County, and taken from the possession of said Phillips and said Emery, by said Fields, by virtue of said attachment in a suit wherein said H. F. Emery, was defendant.

On the third day of December, A. D., 1888, the sheriff gave the said Phillips written notice of said attachment in accordance with the statute. Said Phillips, within ten days thereafter, to wit: on the 4th day of December, A. D., 1888, mailed to Deasy & Higgins, the attorneys of the attaching creditors in said suit against said Emery, the following postal card:

"Ellsworth, Dec'r 4th, 1888.

Dear Sir:    I understand you want to know how much I have against Emery store.    Will say it is impossible for me to know, but if I am correct it is somewhere about $2300.

Truly,                    H. B. PHILLIPS.

To Deasy & Higgins."

It was admitted that this card was intended as a response by

Mr. Phillips to the officer's aforesaid demand ; was addressed to Deasy & Higgins, Bar Harbor, Maine, and was duly received by them December 4th, 1888.

The case was reported to the full court to determine :

1st.   If sending by mail to the attorneys of attaching creditor was a compliance with statute.

2.   If the form of words above set forth, as used on the postal card, was a sufficient compliance with requirements of Chap. 81, § 45, Revised Statutes.

Judgment to be rendered accordingly.

If for the plaintiff, damages to be assessed at *nisi prius*.

*G. P. Dutton*, for plaintiff.

Counsel cited : *Nichols* v. *Perry*, 58 Maine, 29.

The officer can have no higher rights than the principal, and notice to one is notice to both.   It cannot be argued that the notice should be given directly to the officer, in order that he might have immediate information to guide him in his action. His work is accomplished,— he has attached,— and the only use of any kind which he can make of the notice, is to turn it over to the creditor.   Neither can it be contended, that notice to the attorney is not a compliance with the law.   The attorney and the officer are the agents of the creditor, and the true account rendered to one, is rendered to all.

The statute does not restrict the manner of "giving" the true account.   If the mortgagee chooses to take the chances of sending by mail and of proof of delivery thereby, it is not becoming in the creditor to object, when, as in the case at bar, he admits that he received it within the time specified in the statute.

Plaintiff says it is impossible for him to know the amount due. Can, or does the defendant dispute this ?   Can, or does the law require what is impossible ?   Is not the mortgagee justified in a cautious statement, when a penalty follows a false statement? Is it contrary to reason and experience that in cases of complicated dealings, covered by a mortgage, it may be absolutely impossible for the mortgagee to tell, save approximately, how much there may be due him ?   He fixes the amount as nearly as possible, and more definitely than in *Nichols* v. *Perry*.

As the creditor is the party who is to furnish the money for the tender and the only party in interest, he certainly cannot complain if the notice is given to him rather than to the officer. The officer cannot complain, because his attachment is already made, and because no action can be brought against him under § 44. And in the case at bar there is no wish nor intention to hold the officer for damages but simply to settle the question as to the sufficiency of the notice. The creditor has made no tender and the design of the creditor seems to be to strip the plaintiff of his security for twenty-three hundred dollars rather than to protect his attachment by paying the mortgage debt. No right of the creditor is lost, he can still pay his twenty-three hundred dollars and hold the plaintiff to the truth of his statement.

*Deasy and Higgins*, for defendant.

Counsel cited : *Fairfield Bridge Co.* v. *Nye*, 60 Maine, 378 ; *Nichols* v. *Perry*, 58 Maine, p. 32 ; *Moriarty* v. *Lovejoy*, 23 Pick. 321 ; *Sprague* v. *Branch*, 3 Cush. 575.

HASKELL, J. Two questions are submitted. Is notice from a mortgagee to the attaching creditor, instead of the attaching officer, a compliance with § 45 of R. S., and is such notice, stating in substance, it is impossible for me to know the amount of my mortgage claim, "but, if I am correct, it is somewhere about $2300," sufficient.

The mortgagee had received from the attaching officer notice of the attachment, and was required by the statute as a prerequisite to his suit, within ten days thereafter, to "deliver to the officer a true account of the amount due on his claim."

An officer, by attaching chattels and taking them into his custody, becomes personally chargeable with their value. If they appear to be mortgaged, upon notice to the mortgagee of his attachment, he is entitled to receive from the mortgagee a true account of the amount due on his claim, in order that he may save himself by releasing the attachment, or paying the mortgage, or demanding indemnity from the attaching creditor if he insists upon disputing the mortgage. The liability is a personal one, and the officer is entitled to receive the notice. A notice

to the attaching creditors, who may be pecuniarily irresponsible, might serve him no good purpose. They might suppress the notice and allow the ten days to elapse, and leave the officer to take care of himself; for, if a notice to the attaching creditor is a compliance with § 45, it would seem that the notice required by § 44 might also be given to the creditor, instead of the officer; and, when notice had been given to the creditor under § 45, after the lapse of forty-eight hours, the officer could not invoke the protection of § 44. So the irresistible conclusion is, that the officer, who has sureties for the faithful discharge of duty, is entitled to personally receive the notices specified in both § § 44 and 45, of R. S.

Moreover, an attaching officer is entitled to a definite statement of the amount due on a mortgage of the chattels attached. That is, the statement of a definite sum that is claimed to be due. In *Nichols* v. *Perry*, 58 Maine, 29, upon which the plaintiff rests his case, the notice to the officer stated: "There is actually due me  .  .  exceeding nine hundred dollars, as at the time said mortgage was given." The court considered this notice as a statement of nine hundred dollars due, for which the property could be redeemed. The notice relied upon here, says: "It is impossible for me to know, but if I am correct, it is somewhere about $2300." This gave no definite information. From it no tender of less than $2300, could safely have been made, and yet, there might not have been so much due.

It is said that a remedy is given by suit for false statement in such case. What would such remedy be worth in a case like this? The officer had a right to redeem the mortgage, and he had a right to know definitely how much the mortgagee claimed to be due, then, a false claim would make a case for damages. It may be said that in some cases it would be impracticable to state the exact amount due. There is no element of that sort in this case. The mortgagee says: "It is impossible for me to know" the amount due; but he does not take the trouble to give any statement whatever as an excuse for his inability to know. Had the mortgage been to secure a liability that was contingent and that could not be correctly stated in a gross sum, he might

have stated an amount that he believed would be just indemnity. This matter is by no means without difficulty ; but attaching creditors must be considered, as well as mortgagees ; and to guard against dishonest and fraudulent mortgages, the mortgagees should be required to state the amount due, or excuse the statement by such full, particular, detailed account as it is in their power to give, that the officer may have all the information upon which to act, that is practicable for the mortgagee to have.

*Judgment for defendant.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.